**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2223-24

SUSANNE, LLC,

    Plaintiff-Respondent,

v.

1 HOWE STREET BAY HEAD,
LLC,

    Defendant-Appellant.

_____

          Argued April 21, 2026 – Decided May 13, 2026

          Before Judges Gilson, Firko, and Vinci.

          On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. C-000228-22.

          Peter R. Bray argued the cause for appellant (Bray & Bray LLC, attorneys; Peter R. Bray, on the briefs).

          Laura Leacy Kyler argued the cause for respondent (McCarter & English LLP, attorneys; Laura Leacy Kyler, of counsel and on the brief; Mark M. Makhail and Benjamin Klein, on the brief).

PER CURIAM

Defendant 1 Howe Street Bay Head appeals from a February 25, 2025 order entered following a bench trial in favor of plaintiff Susanne, LLC compelling defendant to remove and relocate a retaining wall and other encroaching structures it built on and over plaintiff's adjacent oceanfront property in the Borough of Bay Head (Borough). We affirm.

I.

Plaintiff owns property located on East Avenue in the Borough. Plaintiff's principals inherited the property from their parents who purchased it in 1963. Plaintiff was formed in 2014 and has owned the property since then. The property has been used by plaintiff's principals and their parents as a family vacation home since 1963. The current principals continue to use it as a vacation home and also rent it to third parties for two months each year during the summer.

In 2017, defendant purchased an adjacent property in the Borough which shares a common boundary with plaintiff's property. The southern border of defendant's property abuts the northern border of plaintiff's property. At the time defendant purchased its property, the boundary line between the properties was marked by railroad ties and a wooden fence that was entirely on plaintiff's property.

A-2223-24

Beginning in 2021, defendant performed construction on its property. During the construction, defendant removed the railroad ties and wooden fence that previously marked the property line. As part of the construction project, which involved the installation of a pool and concrete pool deck, defendant built a retaining wall and wall cap that encroaches on plaintiff's property by 1.2 to 1.3 feet, a garage gutter overhanging the property line by 0.8 to 0.9 feet, a garage soffit overhanging the property by 0.3 feet, and a wooden fence that encroaches by 0.5 to 0.6 feet. Defendant also removed vegetation from plaintiff's property and created an access path on the property without permission.

In addition to encroaching on plaintiff's property, defendant's construction project differed from the plans submitted to and approved by the Borough. For example, the approved plans included an area of lawn on the south side of the pool between the pool and the proposed wall. Instead, defendant constructed a concrete pool deck that extends from the pool to the wall. The Borough subsequently issued two notices of violation relating to the encroaching retaining wall and defendant's failure to submit a compliant as-built survey for approval.

On October 20, 2022, plaintiff filed a single-count complaint alleging trespass, which was amended on June 4, 2024. Plaintiff sought "an [o]rder

compelling [d]efendant to vacate [its] [p]roperty and remove all encroachments," as well as compensatory and punitive damages. Defendant filed an answer to the amended complaint asserting, as an affirmative defense, that "[p]laintiff is not entitled to equitable relief under the subject circumstances."

After the completion of discovery, plaintiff moved for summary judgment. On September 6, 2024, the court entered an order granting plaintiff's motion in part "as to the issue of trespass only."[1] Plaintiff also moved to bar the testimony of defendant's proposed expert contractor, Andrew Russin of AKR Contractors, Inc., contending his report regarding the estimated cost to demolish and rebuild the retaining wall was an inadmissible net opinion. The court denied that motion without prejudice subject to conducting a N.J.R.E. 104 hearing at the time of trial.

The court conducted a two-day bench trial in December 2024, to determine the appropriate remedy for defendant's trespass. As framed by the

---

[1] Defendant has not appealed from that order and, as a result, any such arguments are waived. See 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004) (citation omitted) ("[I]t is only the judgment or orders designated in the notice of appeal which are subject to the appeal process and review").

court, "[p]laintiff [sought] removal of the encroachments, and defendant asked the [c]ourt to deny that relief by applying the [d]octrine of [r]elative [h]ardship."

Plaintiff called Peter Steck, a community planning consultant, as an "expert professional planner." Steck testified that defendant's improvements "do[] not comply with the plans that were filed to construct the wall, the patio[,] and the pool." "The wall encroaches on an adjacent property" and "abuts a patio surface that[ is] more than one foot over the natural grade." Additionally, Steck testified that the construction of the improvements violated the Borough's zoning setback requirements.

Plaintiff also called Robert Gagliano of Gagliano & Company, as an expert in real estate appraisal. He testified that "the physical encroachment of the [retaining] wall [is] [fifty-nine] square feet." He also opined an access or maintenance easement would be required and the "access encroachment" is "[six] feet wide and [eighty-four] feet long." To estimate the market value of the encroachments, Gagliano used "the before and after method," which considers "the value of the entire parcel before it was estimated and the after is minus any takings or easements and damages to the remainder."

He compared "recent land sales of four comparable oceanfront lots" and concluded the total value of plaintiff's property was $3,240,000 without the

encroachments. Gagliano testified the wall and access encroachments would have a negative impact on the value of plaintiff's property. He opined that as of July 2023, the value of the land occupied by the retaining wall encroachment was $13,700, and the value of the land subject to the related access encroachment was $92,100, for a total value of $105,800. After the close of plaintiff's case, defendant moved for a directed verdict, pursuant to Rule 4:37-2(b), on plaintiff's claim for punitive damages, which the court granted.

Defendant called Jon Brody as an expert in real estate appraisal. He opined the value of an easement for the wall encroachment was $1 because it did not impair the use or value of plaintiff's property. Brody based the value "on the fact that there[ is] no proof[] that had been established . . . that substantiate that anyone will ever trespass or go over the land that . . . would be in that easement area." He also opined "there[ was] no way for [him] to ever conclude that someone will at some point in time . . . be required to take care of the wall." According to Brody, the encroached property was "valueless, as [it] would not be able to be developed beyond a wooden walkway to the beach."

Defendant sought to call Russin as an expert and the court conducted a N.J.R.E. 104 hearing. Russin testified that he created his cost estimate based on his observation of the retaining wall during a social visit to the property and

A-2223-24

information provided to him by Edward Kloss, principal of defendant. He measured the wall but never reviewed any blueprints or plans because Kloss only asked him to "give him a price to move it [three] to [five] inches."

Russin did not have any documents to support his estimate, and his written notes, which were provided months after his report was served, did not match the totals included in his estimate. He also did not know how much it cost initially to build the wall. Russin testified the wall is currently constructed with "cinder block wall sitting on a poured footing," but he would "use concrete" instead of cinder block.

The court granted plaintiff's motion to bar Russin's testimony. The court stated his report, "which consists of one page, three paragraphs" merely states, "[a]ttached is a one-page estimate which is broken down as follows: $39,986 cost of materials and concrete and pump truck, and then $135,300 cost of labor and demo for reconstruction for a total of $175,286." The court found that "there is absolutely [nothing] contained within the report [or] the addendum, there is absolutely zero breakdown of what those costs are." In addition, the "numbers" on Russin's "handwritten notes . . . [that w]ere supplied months after the written report" do not "even match up." Without "those breakdowns" the report is "really of no assistance at all." The court concluded the testimony at the

7

N.J.R.E. 104 hearing did not "shed any light on what those block billings were" and Russin's estimate "was based on building a different wall than was originally built." The court found:

> There was no indication that [Russin] had any idea of the cost of the initial wall or why it was built that way. . . . There was no review of any blueprints . . . [h]e relied on . . . viewing the wall on a social visit some eight months before . . . as the basis for . . . what was presented to the [c]ourt. There was no indication . . . as to why he would build a different wall or what the cost differential was.

The court concluded Russin "was not able to articulate that either in his report or on the stand . . . in a way that would be . . . assistive to the [c]ourt as required by [N.J.R.E.] 702 or [N.J.R.E.] 703" and it could "neither accept his report or testimony into evidence."

During Kloss's testimony, he attempted to offer an opinion based on his experience as a real estate developer and the fact that he saw the retaining wall being built, as to what would happen if the retaining wall were removed and not replaced. Plaintiff objected because the proposed testimony would involve expert opinion and Kloss was never proffered as an expert nor prepared an expert report. The court sustained the objection.

## II.

On February 25, 2025, the court entered an order, supported by an oral opinion, requiring defendant to, within ninety days: (1) "remove and relocate the [fifty-four-inch] length of retaining wall that encroaches upon plaintiff's property"; (2) "make adjustments to the encroaching soffit and gutter so that they are located entirely within defendant's property line"; (3) "make adjustments to the wall cap where it encroaches plaintiff's property by 0.1 foot"; and (4) move "[a]ny areas of the encroaching wooden fence on the ocean end of the property line . . . to defendant's side of the property." The court also dismissed plaintiff's claim for compensatory damages.

The court found Gagliano's "testimony and opinion on the valuation of the easement to be reasonable and credible." In contrast, the court noted Brody reached his conclusion "that the property was valueless, as the property would not be able to be developed beyond a wooden walkway to the beach" "without citing to any code or other provisions." The court found Brody's "testimony to lack credibility, given the extensive improvements that . . . defendant had made on the same stretch of land next door."

The court was not convinced by Brody's claim that there was no need for an "access easement" because "[h]e simply stated there was no basis for it." The

A-2223-24

court found his claims were "belied by the record of defendant's workers going on the plaintiff['s] property on at least two known occasions during the pendency of this lawsuit, to maintain the wall and pull vegetations near . . . or on it."  The court also found "given the history of this dispute and the potential . . .  for future litigation regarding maintenance access, that any easement would have to include some provision for access, particularly for those portions of the wall entirely within . . . plaintiff['s] boundary line."   "The [c]ourt therefore [found] . . . Gagliano['s] testimony more credible than . . . Brody['s] testimony in that regard."

The court rejected defendant's claim that plaintiff's property "constitutes a commercial venture."  It concluded "[a]lthough . . . the property is rented for a couple of months during the year presently, it[ is] also true that the property has been a treasured family property for more than six decades."

The court found "no credible evidence . . . to show that removal and relocation of the encroaching section of the wall or other encroachments would be of 'considerable magnitude' to the defendant."  "The only evidence before the [c]ourt regarding the cost to build the retaining wall" is the estimate contained in defendant's "permit application," which "was $21,200."  "Defendant did not provide any proof of the actual cost of the building of the wall, nor did [it]

10

provide any credible estimate of the removal and relocation of the encroaching part of the wall" or "what the actual removal would entail." Likewise, defendant did not provide any "credible evidence . . . as to the cost of the adjustment[s to] the gutter and eave."

The court determined, in the absence of such evidence, it could not "consider . . . arguments as even remotely persuasive on the issue of relative hardship." It found "[d]efendant failed to put forth any credible evidence of the cost or difficulty of relocating the encroaching part of the wall" or "any evidence at all related to the cost of building the wall or other encroaching improvements." "Without such critical evidence . . . the [c]ourt [wa]s not in a position to make a determination that . . . defendant's hardship is 'gross or of considerable magnitude,' compared to . . . plaintiff['s] loss of property rights" and could not "come to the conclusion that removal is not the proper remedy under the facts and circumstances of this matter."

This appeal followed. Before us, defendant sought a stay pending appeal, which we denied. Defendant subsequently sought a stay from our Supreme Court, which was denied. Susanne LLC v. 1 Howe St. Bay Head, 261 N.J. 182 (2025). On July 11, 2025, the trial court entered an order imposing sanctions for failure to comply with the February 2, 2025 order "on a per diem basis to be

determined after a hearing."  The court suspended the hearing and "[p]laintiff's" application for attorneys['] fees" pending the outcome of this appeal.

III.

On appeal, defendant argues the court improperly imposed the mandatory injunction requiring removal of the encroachments.  Defendant contends the court "granted this mandatory injunction despite [plaintiff's] concession that an easement was an adequate remedy to redress the wall encroachment, since it was a de minimis trespass that neither impaired the use of [the] property nor its value."  Defendant also argues the court "eliminated the weighing of hardships based upon [its] erroneous conclusion that [defendant] could only establish hardship by establishing the cost of compliance with an injunction and [its] conclusion that the impact upon [defendant's] . . . pool and pool deck . . . could not be considered."

Defendant claims the court "imposed no burden upon [plaintiff] to establish its request for removal of the encroachments was reasonable or the only way to eliminate irreparable harm" and its "insistence that . . . defendant [was required to] prove the cost to remove an encroachment [was] prohibitively high."  Defendant argues the court improperly placed the burden on it to demonstrate the doctrine of relative hardship applied as "an affirmative defense

as opposed to an element of proof to be satisfied by a plaintiff." Defendant claims the "existence of the [e]asement, as an alternative remedy, was ignored by the [c]ourt."

Defendant argues the court "improperly barred the entirety of [Russin's] testimony." Defendant does not challenge the court's determination "about the amounts estimated," but contends the court "ignored the importance of factual information on the practicality of implementing the injunction." Defendant claims the court improperly sustained plaintiff's objection to Kloss's proposed testimony regarding the consequences of removing the wall because "a party's opinion about his own property is admissible . . . even without expert knowledge." Defendant argues "the mandatory injunction should be vacated and the $1[] [e]asement should be established in its place."

IV.

On an appeal from a bench trial, we afford a highly deferential standard of review to the factual findings of the trial court. Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 483-84 (1974); Allstate Ins. Co. v. Northfield Med. Ctr., P.C., 228 N.J. 596, 619 (2017) (explaining "we give deference to the trial court that heard the witnesses, sifted the competing evidence, and made reasoned conclusions"). We do "not weigh the evidence,

assess the credibility of witnesses, or make conclusions about the evidence." Mountain Hill, L.L.C. v. Township of Middletown, 399 N.J. Super. 486, 498 (App. Div. 2008). The court's findings will not be disturbed unless they are "manifestly unsupported by or inconsistent with the competent, relevant[,] and reasonably credible evidence as to offend the interests of justice." D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (alteration in original) (quoting Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011)).

We affirm substantially for the reasons set forth in the court's thorough and well-reasoned oral opinion. We add the following brief comments.

We are unpersuaded by defendant's claim that the court improperly required the removal of the encroachments and failed to consider its claim that an easement was the appropriate remedy. The decision to grant or deny permanent injunctive relief is typically left to the discretion of the trial court. Horizon Health Ctr. v. Felicissimo, 135 N.J. 126, 137 (1994). Therefore, we apply the abuse of discretion standard of review to a judge's decision to award injunctive relief. See Davidson Bros., Inc. v. D. Katz & Sons, Inc., 121 N.J. 196, 232-33 (1990); Sheppard v. Township of Frankford, 261 N.J. Super. 5, 9-10 (App. Div. 1992).

A party seeking a mandatory injunction is required to demonstrate that its "legal right to such relief has been established and that the injunction is necessary to prevent a continuing, irreparable injury." Verna v. Links at Valleybrook Neighborhood Ass'n, Inc., 371 N.J. Super. 77, 89 (App. Div. 2004). "Such an injunction must be no more extensive than is reasonably required to protect the interest of the party in whose favor it is granted." Ibid. (citing Sunbeam Corp. v. Windsor-Fifth Ave., 14 N.J. 222, 232-33 (1953)). Final injunctive relief will be imposed when the party seeking such relief demonstrates liability of the other party, the need for injunctive relief, "and the appropriateness of such relief on a balancing of equities." Rinaldo v. RLR Inv., LLC, 387 N.J. Super. 387, 397 (App. Div. 2006).

The doctrine of relative hardship may be invoked to preclude an injunction for trespass, Szymczak v. LaFerrara, 280 N.J. Super. 223, 229-30 (App. Div. 1995), where the benefit to the party seeking the injunction would be "grossly less than the expense which would thereby be put upon the defendant in carrying out the injunction." Gilpin v. Jacob Ellis Realties, Inc., 47 N.J. Super. 26, 31 (App. Div. 1957). If such a disproportion is "of considerable magnitude," then money damages are more appropriate than equitable relief. Id. at 34-35.

A-2223-24

Application of the doctrine is most appropriate to consider "where commercial, rather than personal, interests are involved." Szymczak, 280 N.J. Super. at 231.

We are satisfied the court properly determined plaintiff was entitled to a mandatory injunction requiring the removal of encroachments from its property. It is undisputed defendant built the retaining wall and wall cap, wooden fence, gutter, and eave, on or over plaintiff's property and is actively trespassing on plaintiff's property. The court found defendant's expert's opinion that the encroachments were de minimis and of no value lacked credibility. That finding was amply supported by the evidence at trial. Indeed, defendant permanently deprived plaintiff of a portion of its property by improperly constructing its retaining wall and other encroaching elements on and over plaintiff's property. As established by plaintiff's expert, who the court found credible, the encroachments have a negative impact on plaintiff's property value.

Defendant's claim that the court incorrectly imposed the burden of establishing the applicability of the doctrine of relative hardship on it, as opposed to plaintiff, lacks merit. As defendant expressly recognized in its brief, the doctrine of relative hardship was invoked by defendant "to nullify [plaintiff's] demand that the encroachment be removed." As the court appropriately determined, defendant was obligated to prove the benefit of the

injunction to plaintiff would be "grossly less than the expense which would thereby be put upon the defendant in carrying out the injunction." Gilpin, 47 N.J. Super. at 31. Defendant's contention, without citation to any authority, that the doctrine of relative hardship is an element of proof required to be satisfied by a party seeking an injunction, is incorrect.

We are convinced the court properly weighed the appropriate factors based on its consideration of all the evidence presented, including its credibility determinations. As the court correctly determined, defendant failed to provide any credible evidence to establish the cost or other burden of removing and relocating the encroaching retaining wall or other elements. The court also considered and rejected defendant's claim that an easement, which it valued at $1, was an appropriate remedy under the facts and circumstances of this case. There is no basis for us to find the court misused its discretion by finding defendant did not establish the doctrine of relative hardship applied, finding an easement was not the proper remedy in this case, and ordering defendant to remove the encroachments.

Defendant's claim that the court misapplied is discretion by precluding the testimony of Russin and Kloss is without merit. We defer to a trial court's evidentiary ruling absent an abuse of discretion. Rowe v. Bell & Gossett Co.,

17

239 N.J. 531, 551 (2019).  Likewise, we "apply [a] deferential approach to a trial court's decision to admit expert testimony, reviewing it against an abuse of discretion standard."  Townsend v. Pierre, 221 N.J. 36, 53 (2015) (alteration in original) (citing Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371-72 (2011)); see also Correa v. Maggiore, 196 N.J. Super. 273, 282 (App Div. 1984) ("[Q]ualifications of an expert witness are generally addressed to the discretionary determination of the trial judge").

Here, the court conducted a N.J.R.E. 104 hearing and determined Russin's proposed testimony was an inadmissible net opinion.  The court found Russin was unable to explain the basis for his cost estimate and his supporting handwritten notes, which he provided months after he created his report, were inconsistent with his estimate.  In addition, Russin's estimate was based on building a concrete wall in place of the existing cinder block wall and he was unable to differentiate between the costs of the different types of construction. We do not discern any basis to disturb the court's decision to preclude Russin's report and testimony as inadmissible net opinion.

Kloss sought to testify regarding his opinion as to what would happen if the retaining wall were to be removed and not replaced.  The court determined that testimony would represent an expert opinion and Kloss was never proffered

as an expert nor did he prepare an expert report. The record fully supports the court's discretionary decision to preclude Kloss's testimony.

To the extent we have not specifically addressed any of defendant's remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2223-24